IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



SUSAN WILD,

    Plaintiff,

v.                                    CIVIL ACTION NO. 4:13cv70

BARBARA GASKINS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Barbara Gaskins' ("Defendant") motions to dismiss the negligence claim of Plaintiff Susan Wild ("Plaintiff"). Defendant has filed two separate motions: a Rule 12(b)(6) Motion to Dismiss for failure to state a claim (ECF No. 17) and a Rule 12(b)(1) Motion to Dismiss for lack of subject-matter jurisdiction (ECF No. 19). Having carefully considered the parties' pleadings, this matter is now ripe for disposition. For the reasons set forth herein, both Motions to Dismiss are **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff alleges that on or about July 8, 2010, Plaintiff was a passenger aboard Defendant's 19' Skeeter ZX ("the boat") as it navigated along the John H. Kerr Reservoir. Am. Compl. ¶¶ 5, 18. Plaintiff claims that Defendant was negligent in her direction and operation of the boat by failing to properly account for two passengers and equipment, and that this negligence was the proximate cause of Plaintiff's slip and fall that resulted in Plaintiff fracturing her left leg. Am. Compl. ¶¶ 22-23.

On May 28, 2013, Plaintiff filed a complaint against Defendant, alleging tortious injury

and a cause of action for general maritime negligence. Defendant responded by filing a Rule 12(b)(1) Motion to Dismiss, asserting a facial challenge that the Court lacked subject-matter jurisdiction under admiralty and maritime law. This Court found that Plaintiff failed to establish federal maritime subject-matter jurisdiction and granted Defendant's Motion to Dismiss without prejudice with leave for Plaintiff to amend her Compliant.

On November 26, 2013, Plaintiff filed an Amended Complaint, asserting a single cause of action for negligence. The Amended Complaint alleges diversity jurisdiction under 28 U.S.C. § 1332 and asserts that substantive maritime law governs this case. Am. Compl. ¶¶ 3, 16. The Amended Complaint contains additional factual allegations and legal arguments related to her negligence claim as well as jurisdictional and choice of law issues. On December 11, 2013, Defendant filed her Rule 12(b)(6) Motion to Dismiss for failure to state a claim for a violation of a National Park Service regulation. The same day, Defendant filed a second Motion to Dismiss pursuant to Rule 12(b)(1) for lack of federal admiralty and maritime subject-matter jurisdiction. Plaintiff filed responses to both motions on December 20, 2013.

## II. LEGAL STANDARDS

### A. Statement of a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that, in addition to a statement of the court's jurisdiction and a demand for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. "To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (internal

quotations omitted)); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Specifically, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. For purposes of a Rule 12(b)(6) motion, courts may only rely upon matters in the pleadings, including the complaint's allegations and the documents attached as exhibits or incorporated by reference. *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

## B. Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject-matter jurisdiction. Unless a matter involves an area over which federal courts have exclusive jurisdiction, a plaintiff may bring suit in federal court only if the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States," 28 U.S.C. § 1332(a)(1). *See Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction."). Accordingly, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

In terms of diversity jurisdiction, a federal court has subject-matter jurisdiction to hear any case where the amount in controversy exceeds $75,000 and no plaintiff shares a state of citizenship with any defendant. *See* 28 U.S.C. § 1332(a)(1). Section 1332(a) requires that all of the plaintiffs be from different states as all of the defendants, called "complete diversity." *Owen*

3

*Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The second component of diversity jurisdiction is an amount in controversy that exceeds $75,000. In most instances, the good faith "sum claimed by the plaintiff controls." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The burden of proving subject-matter jurisdiction rests on the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999). To determine whether subject-matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982), or whatever other evidence has been submitted on the issues, *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The defendant may challenge subject-matter jurisdiction by contending either (1) the complaint fails to allege facts sufficient to establish subject-matter jurisdiction (a "facial challenge"); or (2) the jurisdictional allegations in the complaint are false (a "factual challenge"). *Lutfi v. United States*, No. 11-1966, 2013 U.S. App. LEXIS 8322, at *11-12 (4th Cir. Apr. 24, 2013) (citing *Kerns v. United States*, 585 F.3d 187, 192-93 (4th Cir. 2009)). A facial challenge requires the court to dismiss the complaint only if the alleged facts, if taken as true, fail to establish subject-matter jurisdiction. *Id.* at *12; *see also Bain*, 697 F.2d at 1219. A factual challenge requires that the court "go beyond the allegations of the complaint" and weigh evidence to determine jurisdiction. *Id.* If jurisdictional facts and facts central to the merits are intertwined, "the entire factual dispute is appropriately resolved only by proceeding on the merits." A Rule 12(b)(1) motion should only be granted where "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

Defendant contends that Plaintiff's Amended Complaint alleges violations of National Park Service regulation 36 C.F.R. § 3.8(b)(8), which governs vessel operators' boating and water use in national parks. Defendant asserts that there is no private right of action for an individual to sue for a violation of a National Park Service regulation. However, Plaintiff states that the Amended Complaint does not include a claim for a violation of 36 C.F.R. § 3.8(b)(8). Plaintiff only intended to allege one count of negligence based on Defendant's negligent direction and operation of the boat. The regulation was only mentioned to demonstrate Defendant's duty as boat operator, not as a basis for a cause of action.

The Court finds that the Amended Complaint does not assert a claim for negligence or negligence *per se* pursuant to 36 C.F.R. § 3.8(b)(8). As Plaintiff emphasizes in her Response to Defendant's 12(b)(6) Motion to Dismiss, she referenced 36 C.F.R. § 3.8(b)(8) as a part of her factual allegations to support her negligence claim, not as a separate claim for violating the National Park Services regulation. Therefore, Defendant's Motion to Dismiss for failure to state a claim is **DENIED**.

### B. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendant asserts that Plaintiff fails to satisfy the connection prong of the *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527 (1995) test for maritime jurisdiction because she does not allege her injuries were a result of a navigational error with a potentially disruptive effect on maritime commerce.[1] Defendant supposes that without satisfying the *Grubart* test, Plaintiff is unable to establish that this Court has subject-matter jurisdiction over her claims.

---

[1] On this Motion, the Court finds Defendant's reliance on *Grubart* misplaced.

5

Plaintiff contends that diversity jurisdiction exists, which is sufficient for her Amended Complaint to survive dismissal. Plaintiff also contends that, based on choice of law principles, the Court may apply substantive admiralty and maritime law to her negligence claim brought under diversity jurisdiction. Plaintiff bases this contention upon her assertion that her claim satisfies the *Grubart* test for maritime jurisdiction. Lastly, Plaintiff challenges whether a Rule 12(b)(1) motion is the proper vehicle for Defendant to move this Court to dismiss her case.

The Court has subject-matter jurisdiction because the diversity of the parties' citizenship and the amount in controversy provide independent and sufficient jurisdictional bases for the case to be tried in federal court. Plaintiff asserts that she is a domiciliary of Florida and Defendant is a domiciliary of Virginia. Defendant does not dispute the citizenship of the parties as asserted by Plaintiff. Plaintiff also asserts that she has suffered $250,000 in damages, which Defendant does not challenge as a good faith sum. *See JTH Tax, Inc.*, 624 F.3d at 638. Defendant's argument that the Court lacks subject-matter jurisdiction because Plaintiff has not asserted a tort action that lies within the Court's admiralty and maritime jurisdiction does not invalidate diversity jurisdiction. *See Pryor v. Am. President Lines*, 520 F.2d 974, 976-77 (4th Cir. 1975) ("Because defendant admitted facts in the court below that showed diversity jurisdiction, we find it unnecessary to address the question of whether the court was correct in determining that it had jurisdiction under § 1333."). As such, the Motion to Dismiss for lack of subject-matter jurisdiction is **DENIED**.

The Court declines to make a determination on the appropriate choice of law at this juncture. If a factual inquiry is necessary to properly assess the choice of law issue, "it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage when little or no discovery has taken place." *In re Samsung DLP Television Class Action Litig.*,

Civ. No. 07-2141, 2009 WL 3584352, at *3 (D.N.J. Oct. 27, 2009). At this stage in the litigation, the Court concludes that it cannot conduct a fact-intensive choice of law analysis based upon the pleadings.

## IV. CONCLUSION

Plaintiff stated a negligence claim upon which relief may be granted in her Amended Complaint. Plaintiff also establishes that this Court has subject-matter jurisdiction because her claim satisfies the diversity of citizenship and amount in controversy requirements for diversity jurisdiction. Accordingly, Defendant's Rule 12(b)(6) Motion to Dismiss for failure to state a claim and a Rule 12(b)(1) Motion to Dismiss for lack of subject-matter jurisdiction are **DENIED**.

It is **FURTHER ORDERED** that the parties contact the Magistrate Judge assigned to this case to schedule a settlement conference within ten (10) days of the entry of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February // , 2014

Raymond A. Jackson
United States District Judge